## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATOYA MORGAN,** | **CIVIL ACTION** |
| **Plaintiff** | |
| **VERSUS** | **NO.  21-172** |
| **LCMC HEALTH, ET AL.,** | **SECTION: "E" (2)** |
| **Defendants** | |

## ORDER AND REASONS

Before the Court is a "Motion to Dismiss Plaintiff's State Law Claims," filed by Defendant Louisiana Children's Medical Center d/b/a LCMC Health ("LCMC Health") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted.[1] Plaintiff Latoya Morgan ("Plaintiff") opposes the motion.[2] LCMC Health filed a reply.[3]

## BACKGROUND

Plaintiff Latoya Morgan, an African American female, worked at LCMC Health from February of 2017 to August 1, 2019.[4] In or around February 2018, Plaintiff was promoted to the position of Senior Systems Analyst at LCMC Health, and Plaintiff worked as a Senior Systems Analyst until her termination on August 1, 2019.[5]

Plaintiff alleges that, while she was employed at LCMC Health, she was subjected to "several acts of disparate treatment and harassment because of her race, disability, and in retaliation for complaining about disparate treatment."[6]

---

[1] R. Doc. 22.
[2] R. Doc. 28.
[3] R. Doc. 29.
[4] R. Doc. 14 at ¶ 6.
[5] *Id.* at ¶ 7.
[6] *Id.* at ¶ 8.

Plaintiff alleges the first incident occurred in July of 2017 when "an employee, Karen Choppin, who is white (sic) began waving her arms erratically during a staff meeting wherein she almost hit [Plaintiff], who felt threatened."[7] In response to Plaintiff's apprehension of almost being hit, Tonya Miller-Johnson ("Miller-Johnson"), who is African American and worked as a supervisor and manager at LCMC Health, told Plaintiff she "should have 'acted like a distressed white girl.'"[8] Plaintiff alleges she consistently asked Miller-Johnson not to make "those type" of comments.[9]

Plaintiff alleges Miller-Johnson fostered a toxic work environment by routinely sharing private information about employees of LCMC Health with Morgan and others.[10] Plaintiff further alleges in May of 2019 Miller-Johnson gave her a negative employee evaluation.[11] Plaintiff alleges the employee evaluation was based on co-worker's personal opinions of her rather than on her work performance.[12] Plaintiff alleges Miller-Johnson thereafter instructed Justin Smith, a white male employed by LCMC Health, to no longer provide Plaintiff assistance with work assignments.[13] Plaintiff also alleges Miller-Johnson told her the culture at LCMC Health was about to change, and this caused Plaintiff distress and anxiety.[14]

Plaintiff alleges Justin Smith would often make inappropriate comments to her at work, implying that she was "prone to violent or unexpected behavior," by starting conversations with phrases like "I have a question but don't stab me" or "I have a question

---

[7] *Id.* at ¶ 9.
[8] *Id.*
[9] *Id.* at ¶ 10.
[10] *Id.* at ¶ 11.
[11] *Id.* at ¶ 12.
[12] *Id.*
[13] *Id.* at ¶ 13.
[14] *Id.*

but don't shoot me."[15] Plaintiff alleges these comments continued through July of 2019.[16] Plaintiff further alleges Miller-Johnson stated in team meetings that she was scared of Plaintiff, which caused other employees to have fear and animus towards Plaintiff.[17] Plaintiff alleges, given Miller-Johnson's authority and position at LCMC Health, her statements publicly maligned her.[18] Plaintiff alleges Miller-Johnson's comments implied that Plaintiff's anxiety and depression made her violent and unpredictable, and that Miller-Johnson made these comments "in violation of laws prohibiting the sharing of medical diagnoses."[19]

Plaintiff alleges the last incident occurred in July of 2019 immediately after a staff meeting, when Plaintiff overheard Miller-Johnson and Candace Ariza, a white employee of LCMC Health, "almost jokingly referring to [Plaintiff] after she left the room."[20] When Plaintiff reentered the room to defend herself, Plaintiff alleges Miller-Johnson screamed at her to leave.[21] Subsequently, Plaintiff was called to the LCMC Health office because other employees "accused her of saying she was 'going postal' and 'slapping someone.'"[22] Plaintiff alleges she did not make these statements.[23] Plaintiff alleges on August 1, 2019, Miller-Johnson informed her that, although LCMC Health could not substantiate the statements which Plaintiff was accused of making, Plaintiff was discharged because her behavior did not align with the behavior standard of LCMC Health.[24]

---

[15] *Id.* at ¶ 14.
[16] *Id.*
[17] *Id.* at ¶ 15.
[18] *Id.* at ¶ 16.
[19] *Id.* While Plaintiff does allege she suffered disparate treatment and harassment because of disability, among other things, Plaintiff's complaint does not include any cause of action for violation of laws prohibiting the sharing of medical diagnoses.
[20] *Id.* at ¶ 17.
[21] *Id.*
[22] *Id.* at ¶ 19.
[23] *Id.*
[24] *Id.* at ¶ 20.

Plaintiff alleges she was treated differently than her white co-employees who made comments related to workplace violence and were not immediately terminated.[25] Plaintiff alleges other white employees engaged in inappropriate behavior at work but were never disciplined or terminated for their behavior.[26]

On February 14, 2020, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), naming "LCMC Health" as her employer and respondent on the charge.[27] The EEOC issued Plaintiff a Dismissal and Notice of Right to Sue letter on October 29, 2020.[28]

On January 26, 2021, Plaintiff initiated this suit against LCMC Health, bringing claims for discrimination, harassment, and retaliation under Title VII of the Civil Rights Act of 1964 and Louisiana Employment Discrimination Law, and claims for intentional and negligent infliction of emotional distress under Louisiana tort law.[29] On February 5, 2021, the Court granted Plaintiff's motion for leave to proceed in forma pauperis.[30]  On April 14, 2021, Plaintiff filed a motion for leave to amend her complaint "for the sole purpose of correcting clerical errors in the Complaint, . . . and to add 'ABC Insurance' as LCMC Health's liability insurer."[31] On April 16, 2021, the Court granted Plaintiff's motion for leave to amend.[32] On that same date, Plaintiff's first amended complaint against LCMC Health and ABC Insurance was filed into the record.[33]

---

[25] *Id.* at ¶¶ 22–23.
[26] *Id.* at ¶¶ 24–26.
[27] *See* R. Doc. 22-3.
[28] *See* R. Doc. 1-2.
[29] *See* R. Doc. 1 at ¶¶ 31–32.
[30] R. Doc. 8.
[31] R. Doc. 11.
[32] R. Doc. 13.
[33] R. Doc. 14.

On July 27, 2021, LCMC Health filed the instant motion to dismiss Plaintiff's state law claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[34] LCMC Health's motion to dismiss was originally set for submission on August 18, 2021; however, Plaintiff failed to timely file an opposition.[35] On August 25, 2021, the Court granted Plaintiff an extension of time to September 8, 2021, to file an opposition.[36] On September 15, 2021, due to the impact of Hurricane Ida, the deadline for Plaintiff to file an opposition was reset to September 27, 2021.[37] A telephone status conference was held on September 30, 2021, whereby the Court ordered that Plaintiff file an opposition to LCMC Health's motion to dismiss on or before October 6, 2021.[38] On October 6, 2021, Plaintiff filed an opposition to LCMC Health's motion to dismiss.[39] On October 11, 2021, LCMC Health filed a reply.[40]

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of her claim that would entitle her to relief.[41] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[42] "A claim has facial plausibility when the plaintiff pleads factual content that allows the

---

[34] R. Doc. 22.

[35] Pursuant to the Local Rule 7.5 of the Eastern District of Louisiana, "[e]ach party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." *See* LR 7.5.

[36] R. Doc. 24.

[37] *See* R. Doc. 25.

[38] R. Doc. 27.

[39] R. Doc. 28.

[40] R. Doc. 29.

[41] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

[42] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[43] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[44] "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[45]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[46] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief."[47] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[48]

## LAW AND ANALYSIS

In its motion to dismiss, LCMC Health first argues Plaintiff's claims under the Louisiana Employment Discrimination Law "are not cognizable as LCMC is exempt from coverage under the LEDL as a non-profit entity pursuant to La. R.S. § 23:302(2)(b)."[49] LCMC Health argues the Louisiana Employment Discrimination Law specifically exempts from its coverage those individuals employed by any nonprofit corporation.[50] Second, LCMC Health argues Plaintiff's claim for negligent and/or intentional infliction of

---

[43] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).
[44] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[45] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[46] *Twombly*, 550 U.S. at 555.
[47] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal quotations omitted).
[48] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam).
[49] R. Doc. 22 at p. 1.
[50] R. Doc. 22-2 at p. 2.

emotional distress under Louisiana tort law is facially prescribed pursuant to the one-year prescriptive period set forth in Louisiana Civil Code article 3492.[51]

In her opposition, Plaintiff argues her claims under the Louisiana Employment Discrimination Law should not be dismissed on the basis of LCMC Health's purported nonprofit status because LCMC Health operates another entity at the same location which is engaged in the same industry.[52] Specifically, Plaintiff argues LCMC Health (Holdings)— as distinct from LCMC Health—was registered as a nonprofit corporation approximately two months after Plaintiff's termination.[53] Plaintiff argues LCMC Health's motion to dismiss "misidentifie[s] its status at the time of the conduct complained of" and "identifie[s] itself inconsistent with the actual name that appears in the public record."[54] Plaintiff further argues her pleadings have only referred to the named defendant as "LCMC Health" rather than as "Louisiana Children's Medical Center d/b/a LCMC Health."[55]

First, LCMC Health (Holdings) is not a party to this lawsuit, and its status is irrelevant. Second, to the extent Plaintiff attempts to argue she intended to name as a defendant LCMC Health (Holdings), instead of LCMC Health, Plaintiff's argument is undermined by the record in this case. Plaintiff's complaint names LCMC Health as Defendant in this action and identifies LCMC Health as her employer.[56] Nowhere does Plaintiff identify LCMC Health (Holdings) as her employer, and LCMC Health (Holdings)

---

[51] *Id.*
[52] R. Doc. 28 at p. 2.
[53] *Id.*
[54] *Id.* at p. 3.
[55] *Id.*
[56] *See* R. Doc. 14.

7

was not incorporated until after Plaintiff was terminated.[57] In addition, the proof of service shows that the party served on June 15, 2021 was LCMC Health.[58] By naming and serving LCMC Health, Plaintiff has sued Louisiana Children's Medical Center d/b/a LCMC Health. LCMC Health clarifies any confusion regarding its name in stating that "[a]lthough Plaintiff named 'LCMC Health' as defendant, LCMC Health is a trade name only and the proper legal entity is Louisiana Children's Medical Center d/b/a LCMC Health, which is a Louisiana nonprofit corporation."[59] The public records maintained by the Louisiana Secretary of State confirm the assertion that LCMC Health is a registered trade name (or "d/b/a") of Louisiana Children's Medical Center.[60]

The Louisiana Employment Discrimination Law is set forth in Louisiana Revised Statutes Title 23 Sections 301 *et seq.* Section 302 contains the definitions applicable to the Louisiana Employment Discrimination Law.[61] The Louisiana Employment Discrimination Law provides a cause of action only against "employers" as the term is defined in the statute.[62] In defining "employer," § 302 explicitly provides that its provisions do not apply to "[e]mployment of an individual by a private educational or religious institution or any nonprofit corporation."[63] In both her original complaint and her amended complaint, Plaintiff states "LCMC Health is a New Orleans based non-profit

---

[57] *See* public records maintained by the Louisiana Secretary of State regarding LCMC Health (Holdings) at https://coraweb.sos.la.gov/commercialsearch/CommercialSearchDetails.aspx?CharterID=1403714_BC2 4F80569.

[58] *See* R. Doc. 23.

[59] R. Doc. 22-2 at p. 1. n.1.

[60] The relevant public records may be accessed at the following web address: https://coraweb.sos.la.gov/CommercialSearch/TradeServiceSearchDetails.aspx?TradeServiceMainID=13 5185_5ED3660B84.

[61] *See* La. Stat. § 23:302.

[62] *See* La. Stat. §§ 23:301 *et seq*; *see also Foreman v. Our Lady of Lourdes Reg'l Med. Ctr., Inc.*, No. 13-CV-780, 2013 WL 5410135, at *5 (W.D. La. Sept. 25, 2013) (stating that "Louisiana's anti-discrimination law provides no cause of action against individual employees, only against 'employers.'")

[63] *Id.* § 23:302(2)(b). *See Williams v. Franciscan Missionaries of Our Lady Health Sys., Inc.*, No. CV 18-323-JWD-EWD, 2019 WL 1370871 (M.D. La. Mar. 26, 2019).

health system."[64] In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pled factual allegations in the complaint as true.[65] Taking as true Plaintiff's allegations regarding LCMC Health's nonprofit status, the Court concludes LCMC Health is a nonprofit corporation. The public records maintained by the Louisiana Secretary of States Office further support the conclusion that LCMC Health is a nonprofit corporation.[66] As a result of its nonprofit status, LCMC Health cannot be considered an "employer" for purposes of the Louisiana Employment Discrimination Law.[67] Plaintiff's claims against LCMC Health under the Louisiana Employment Discrimination Law must be dismissed.[68]

With respect to Plaintiff's claims for intentional or negligent infliction of emotional distress, LCMC Health argues in its motion to dismiss that these claims are tort claims subject to a one-year prescriptive period that commences to run on the date the injury or damage is sustained.[69] LCMC Health further argues "all of [Plaintiff's] allegations pertaining to adverse treatment during her employment with LCMC, culminating in her

---

[64] *See* R. Doc. 1 at ¶ 2; *see also* R. Doc. 14 at ¶ 2

[65] *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

[66] The Court may take notice of matters of public record in resolving a motion to dismiss. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (stating that, in evaluating a Rule 12(b)(6) motion to dismiss, "[j]udicial notice may be taken of matters of public record."); *see also Firefighters' Retirement Sys., v. EisnerAmper*, 898 F.3d 553, 558 n.2 (5th Cir. 2018). The relevant public records may be accessed at the following web address: https://coraweb.sos.la.gov/CommercialSearch/CommercialSearchDetails.aspx?CharterID=835630_BDo 817DBA7.

[67] *See Williams.*, 2019 WL 1370871, at *3 (citing *Wilson-Robinson v. Our Lady of the Lake Reg. Med. Ctr., Inc.*, No. 10-584, 2011 WL 6046984, at *2 (M.D. La. Dec. 6, 2011) for the proposition that a defendant who is a nonprofit corporation is not an 'employer' for purposes of the Louisiana Employment Discrimination Law); *see also Foreman*, 2013 WL 5410135, at *5 (holding that "Plaintiff's state law claims against the nonprofit corporate entity defendant pursuant to the LEDL should be dismissed.")

[68] LCMC Health alternatively argues Plaintiff's claims under the Louisiana Employment Discrimination Law based upon alleged adverse employment actions occurring prior to 31, 2019 are facially prescribed pursuant to the one-year prescriptive period set forth in La. R.S. § 23:303(D). R. Doc. 22 at p. 1. Because the Court has found LCMC Health is a nonprofit entity exempt from liability under the Louisiana Employment Discrimination Law, the Court need not address LCMC Health's alternative argument that Plaintiff's claims under the Louisiana Employment Discrimination Law are prescribed.

[69] R. Doc. 22-2 at p. 4.

9

termination on August 1, 2019, occurred more than one year before she filed the instant suit on January 26, 2021."[70] In her opposition, Plaintiff argues her claims under Louisiana tort law were tolled during the pendency of her EEOC charge.[71] In support of her argument, Plaintiff cites a portion of the Louisiana Employment Discrimination Law, which provides, in pertinent part, as follows:

> Any cause of action provided in this Chapter shall be subject to a prescriptive period of one year. However, this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights. No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months.[72]

Plaintiff further argues she filed her complaint within 90 days of receipt of her right to sue letter from the EEOC and that, as such, her state law tort claims for infliction of emotional distress should be considered timely.[73]

At the outset, the Court flatly rejects Plaintiff's argument that her state law tort claims were tolled during the pendency of the EEOC's investigation of her charge of discrimination. The statutory provision relied upon by Plaintiff expressly states the one-year prescriptive provided for under the Louisiana Employment Discrimination Law is suspended for no longer than six months for "[a]ny cause of action provided in this Chapter."[74] By the plain language of the statute, the six-month tolling provision applies only to claims brought under the Louisiana Employment Discrimination Law, which does not include state law tort claims for intentional or negligent infliction of emotional distress. In addition, this Court has previously held that "[u]nlike in LEDL cases, the

---

[70] *Id.* at p. 5.
[71] R. Doc. 28 at p. 6.
[72] La. Stat. § 23:303.D.
[73] R. Doc. 28 at p. 6.
[74] La. Stat. § 23:303.D.

statute of limitations for intentional infliction claims is not tolled by the filing of an EEOC charge."[75] Having determined that tolling does not apply to Plaintiff's state tort law claims, the Court will now turn to the question of whether these claims should be dismissed on the basis of liberative prescription.

Ordinarily, the party urging prescription—the defendant—bears the burden of proof; however, if prescription is evident from the face of the pleadings, the plaintiff bears the burden of proving her claims have not prescribed.[76] Claims for intentional or negligent infliction of emotional distress are governed by the one-year prescriptive period for delictual actions set forth in Louisiana Civil Code article 3492.[77] While article 3492 specifies that the one-year prescriptive period begins to run on the date the injury or damage is sustained,[78] the Louisiana Supreme Court has applied a continuing tort theory of prescription to claims for intentional infliction of emotional distress where the plaintiff alleges "a pattern of on-going, repeated harassment which gradually causes her serious emotional injury."[79] In such cases, prescription does not begin to run until the complained-of conduct abates.[80] In this case, even if the entire course of complained of conduct—beginning in July 2017 and ending with Plaintiff's termination in August 2019—constitutes a single cause of action for infliction of emotional distress,[81] with prescription running from the date of the last incident or abatement of the course of conduct, Plaintiff's claim for infliction of emotional distress is still facially prescribed. To be sure, Plaintiff

---

[75] *Holliday v. Commonwealth Brands, Inc.*, No. CIV.A. 10-2785, 2012 WL 72468, at *2 (E.D. La. Jan. 10, 2012), aff'd, 483 F. App'x 917 (5th Cir. 2012).

[76] *Spott v. Otis Elevator Co.*, 601 So. 2d 1355, 1361 (La. 1992) (citing *Lake Providence Equipment Co. v. Tallulah Production Credit Association*, 257 La. 104, 241 So.2d 506 (La.1970)).

[77] *King v. Phelps Dunbar, L.L.P.*, 98-1805 (La. 6/4/99), 743 So. 2d 181, 187.

[78] *See* La. C.C. art. 3492.

[79] *Bustamento v. Tucker*, 607 So. 2d 532, 537–40 (La. 1992).

[80] *Id.*

[81] The Court does not decide at this time whether a continuing tort theory of harassment applies in this case, as such determination would be premature.

filed her original complaint on January 26, 2021,[82] and the last complained-of action in Plaintiff's complaint is her August 1, 2019, termination.[83] Accordingly, it is evident from the face of Plaintiff's complaint her claims for intentional or negligent infliction of emotional distress have prescribed, and the burden was on Plaintiff to prove that her tort claims had not prescribed. The Court concludes Plaintiff failed to carry her burden. As a result, Plaintiff's claims under Louisiana tort law for intentional or negligent infliction of emotional distress should be dismissed as untimely.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss[84] is **GRANTED**. Plaintiff Latoya Morgan's claims under the Louisiana Employment Discrimination Law, and her Louisiana tort claims for intentional or negligent infliction of emotional distress, are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 10th day of March, 2022.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[82] *See* R. Doc. 1.
[83] *See* R. Doc. 14 at ¶ 20.
[84] R. Doc. 24.